UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10313 PA (VBKx) | Date | December 22, 2011 |
|---|---|---|---|
| Title | Pioneer Freight Futures Co. v. Marine Trade, S.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is an Ex Parte Application for Review of Magistrate's Order Vacating Attachment filed by plaintiff Pioneer Freight Futures Co. Ltd (In Liquidation) ("Pioneer"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

According to Pioneer's Verified Complaint, it entered into a series of Forward Freight Agreements ("FFAs") with defendant Marine Trade, S.A. ("MT"), which was initially organized under the laws of Luxembourg but is now a citizen of the Marshall Islands, in 2007 and 2008. Pioneer was a foreign business entity with an address in the British Virgin Islands. In December 2009, Pioneer instituted liquidation proceedings. Pioneer alleges that its institution of liquidation proceedings was an event of default under the FFAs that has resulted in MT being liable to Pioneer for $93,572,124.15 plus interest and assorted other costs of approximately $7 million. To collect on this debt, Pioneer commenced this action on December 14, 2011.

Pioneer alleges that the Court possesses admiralty jurisdiction over this matter. Accompanying the Complaint was an Ex Parte Application for a Rule B attachment of the vessel M/T Adele Marina Rizzo. The M/T Adele Marina Rizzo is owned by defendant Rizzo Bottiglieri-De Carlini Armatori, S.p.A. ("RBDA"). RBDA is an Italian company. Pioneer alleges that RBDA, although not a party to the FFAs, is liable as the alter ego of MT. Specifically, the Complaint alleges that "MT is in fact the wholly captive trading arm of RBDA and is entirely dominated and controlled by RBDA. As such, RBDA is fully liable for the debts of MT to [Pioneer]." (Complaint 6:25-27.)

Pioneer sought its Rule B attachment of the M/T Adele Marina Rizzo by filing an under seal Ex Parte Application without notice to defendants. The Magistrate Judge to whom the Ex Parte was referred granted the attachment order on December 14, 2011 while the vessel was docked in the Port of Long Beach. As a result of the issuance of the attachment order, the M/T Adele Marina Rizzo has been unable to leave the Central District. On December 16, 2011, RBDA filed an Ex Parte Application to Vacate the Attachment Order. Pioneer filed an Opposition to the Ex Parte Application to Vacate and the assigned Magistrate Judge conducted a hearing on December 20, 2011. Following the hearing, the Magistrate Judge issued an order granting the Ex Parte Application and vacating the attachment order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10313 PA (VBKx) | Date | December 22, 2011 |
|---|---|---|---|
| Title | Pioneer Freight Futures Co. v. Marine Trade, S.A., et al. | | |

In vacating the attachment order, the Magistrate Judge concluded that he had "improvidently" issued the attachment order. Specifically, the Magistrate Judge determined that despite Pioneer's invocation of the Court's admiralty jurisdiction, the parties' dispute is not in fact maritime in nature because the FFAs contain choice of law provisions requiring application of English law and, under English law, a dispute concerning FFAs would not trigger an English court's admiralty jurisdiction. The Magistrate Judge further concluded that Pioneer had failed to sufficiently establish that RBDA is MT's alter ego. The Magistrate Judge stayed his order until December 22, 2011 at 3:00 p.m. to allow Pioneer to seek appellate review of the order vacating the attachment order.

Pioneer then filed the instant Ex Parte Application for Review of the Magistrate's Order with this Court on December 21, 2011. RBDA filed an Opposition to the Ex Parte Application on December 22, 2011. In its Ex Parte Application for Review, Pioneer contends that the Magistrate Judge erred by concluding that the Complaint does not arise under the Court's admiralty jurisdiction. Pioneer further asserts that the Magistrate Judge applied the incorrect legal standard in determining that Pioneer had not met its burden to establish RBDA's alter ego liability for MT's alleged debts. Finally, Pioneer claims that the Magistrate Judge exceeded his authority by limiting the stay to two days rather than the fourteen-day automatic stay mandated by Federal Rule of Civil Procedure 62(a).

As an initial matter, the Court notes that Pioneer's Ex Parte Application fails to satisfy the requirements for a valid Ex Parte Application. Specifically, under Local Rule 7-19.1, an attorney making an ex parte application has a duty to give notice by making reasonable good faith efforts to orally advise counsel for the other parties, if known, of the proposed ex parte application, and "to advise the Court in writing of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application or has requested to be present when the application is presented to the Court." Here, Pioneer did not notify the Court in writing of its efforts to notify opposing counsel of the Ex Parte Application or if RBDA intended to file an Opposition. Additionally, the Ex Parte Application was not accompanied by a proof of service as required by Local Rule 5-3. These violations of the Local Rules are themselves sufficient to deny Pioneer's Ex Parte Application. (See Standing Order 6:9-11 ("Applications which fail to conform with Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered.").)

Despite these violations of the Local Rules, the Court will address the merits of Pioneer's Ex Parte Application for Review. This Court affirms the Magistrate Judge's order vacating the attachment. A magistrate judge's decision on a nondispositive matter "is entitled to great deference by the district court." U.S. v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001). Indeed, a district court will only reverse or modify a magistrate judge's ruling on a nondispositive pretrial matter if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); see also Sec. Farms v. Intern. Brotherhood. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997) (citation omitted); Federal Deposit Ins. Corp. v. Fidelity & Deposit Co. of Maryland, 196 F.R.D. 375, 378 (S.D. Cal. 2000). A decision is "contrary to law" if it applies an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10313 PA (VBKx) | Date | December 22, 2011 |
|---|---|---|---|
| Title | Pioneer Freight Futures Co. v. Marine Trade, S.A., et al. | | |

incorrect legal standard or fails to consider an element of the applicable standard. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (such failure constitutes an "abuse of discretion"). The "contrary to law" standard permits independent review of purely legal determinations made by the magistrate judge. Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Federal Deposit Ins. Corp, 196 F.R.D. at 378. However, the reviewing court may not simply substitute its judgment for that of the deciding court. Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

The Magistrate Judge's conclusion that Pioneer failed to sufficiently establish RBDA's alter ego liability for MT's potential liabilities is not clearly erroneous or contrary to law. As the Magistrate Judge's order indicated, the plaintiff's burden of proof for determining alter ego liability in opposition to a Motion to Vacate Attachment under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions is not clearly or uniformly established. See OS Shipping Co. v. Global Maritime Trust, No. 11-CV-377-BR, 2011 WL 1750449 at *5 (D. Or. May 6, 2011) ("Although there does not appear to be any binding precedent in the Ninth Circuit as to the specific nature of Plaintiffs' burden to show that the Writ should not be vacated, the prevailing test appears to be a 'probable cause' standard that requires Plaintiffs to demonstrate the evidence shows a fair or reasonable probability that Plaintiffs will prevail on their alter-ego claim."). The Magistrate Judge's adoption of a probable cause standard for the alter ego allegations was not clearly erroneous or contrary to law. Similarly, his conclusion that Pioneer failed to meet its burden to sufficiently support its alter ego allegations was not clearly erroneous. See Kilkenny v. Arco Marine Inc., 800 F.2d 853, 859 (9th Cir. 1986) ("Corporate separateness is respected unless doing so would work injustice upon an innocent third party."); see also Chan v. Society Expeditions, Inc., 123 F.3d 1287, 1294 (9th Cir. 1997) ("We have held that disregard of corporate separateness 'requires that the controlling corporate entity exercise total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own.' As formulated by the Second Circuit, federal common law allows piercing of the corporate veil where a corporation uses its alter ego to perpetrate a fraud or where it so dominates and disregards its alter ego's corporate form that the alter ego was actually carrying on the controlling corporation's business instead of its own.") (quoting Kilkenny, 800 F.2d at 859, and citing Kirno Hill Corp. v. Holt, 618 F.2d 982, 985 (2d Cir. 1980)).

That the Ninth Circuit initially requires a party seeking an attachment order to establish a prima facie claim does not mean that the Magistrate Judge's use of a probable cause standard for alter ego allegations at the motion to vacate stage was clearly erroneous or contrary to law. See Equatorial Marine Fuel Mgmt. Servs. Pte Ltd. v. MISC Berhad, 591 F.3d 1208, 1211 (9th Cir. 2010) ("Equatorial argues that it isn't required to prove its case just to defeat the motion to vacate. This is certainly true, but in order to justify the continued attachment of MISC's property, Equatorial had the burden of showing that it had a <u>valid</u> prima facie breach of contract or unjust enrichment claim." (emphasis in original)). This Court does not view the Magistrate Judge's order as saying anything more remarkable than that although an initial review of Pioneer's Complaint and supporting evidence may have indicated that Pioneer had alleged prima facie entitlement to the writ of attachment, a subsequent reappraisal of the allegations and evidence in support of the alter ego allegations resulted in the Magistrate Judge concluding that Pioneer's showing was not sufficiently "valid" to support the continuance of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10313 PA (VBKx) | Date | December 22, 2011 |
|---|---|---|---|
| Title | Pioneer Freight Futures Co. v. Marine Trade, S.A., et al. | | |

attachment order. This conclusion was not clearly erroneous. Additionally, this Court has independently reviewed the allegations and evidence in support of Pioneer's assertion of RBDA's alter ego liability and concludes that Pioneer has failed meet even a prima facie burden to establish that RBDA should be considered MT's alter ego. See Chan, 123 F.3d at 1294.

Because the Court has concluded that the Magistrate Judge was not clearly erroneous in concluding that the attachment order should be vacated because Pioneer has not adequately established that RBDA should be considered MT's alter ego, the Court need not, and does not, address the Magistrate Judge's discussion of the propriety of Pioneer's invocation of the Court's admiralty jurisdiction and the potential applicability of English law to that inquiry. Those issues are more appropriately addressed by this Court through a regularly-noticed Motion to Dismiss.

The final issue this Court must address is the applicability of Federal Rule of Civil Procedure 62(a)'s fourteen-day automatic stay provision and the Magistrate Judge's order staying the release of the M/T Adele Marina Rizzo for two days. Although there is some support in the case law for Pioneer's argument that Rule 62(a)'s fourteen-day automatic stay provision should apply to an order vacating an attachment order, the rationale for those cases appears to be the preservation of an appellate court's jurisdiction to reach the merits of an order vacating an order of attachment by maintaining uninterrupted in rem jurisdiction over the seized property. However, following the Supreme Court's decision in Republic Nat'l Bank v. United States, 506 U.S. 80, 88-89, 113 S. Ct. 554, 559-60, 121 L. Ed. 2d 474 (1992), transfer of the res from the district does not deprive the Court of Appeals of jurisdiction. To conclude that a vessel that was "improvidently" attached must remain in the district for fourteen days through the automatic application of Rule 62(a) is a manifestly unjust result. Pioneer was not required to post any security to obtain the attachment order, and pursuant to its argument concerning the applicability of Rule 62(a), can force a ship to remain in the harbor for fourteen days, at enormous cost to RBDA and at no expense to itself, despite the Magistrate Judge's conclusion that the attachment order was improvidently granted (and this Court's affirmance of that order). Moreover, by allowing the immediate dissolution of the attachment order without a stay, Pioneer is in no worse position than if the initial Ex Parte Application for Attachment Order had been denied.

In many ways, the issuance of an attachment order is similar to the issuance of an injunction prohibiting the property from leaving the district. Unlike an action to enforce a judgment, the dissolution of an injunction is exempt from Rule 62(a)'s automatic stay. See Fed. R. Civ. P. 62(a)(1). Instead, a party seeking the continued enforcement of an injunction after its dissolution is required to seek a stay from the court "on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The same rule should apply in situations such as those presented here. See Centauri Shipping, Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 189 (S.D.N.Y. 2007) ("In the instant case, it is clear that plaintiff's motion should be analyzed under subsection (c) because vacatur effectively 'lifted . . . an injunction' which provided for the attachment of defendants' assets . . . ."); cf. Alyeska Pipeline Serv. Co. v. The Vessel Bay Ridge, 703 F.2d 381, 385 (9th Cir. 1983) ("Since the Rule 62(a) automatic [fourteen-day] stay is inconsistent with Rule E(5)(c) [of the Supplemental Rules of Admiralty and Maritime Claims], Rule 62(a) must give way.") (overturned on other grounds by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10313 PA (VBKx) | Date | December 22, 2011 |
|---|---|---|---|
| Title | Pioneer Freight Futures Co. v. Marine Trade, S.A., et al. | | |

Republic Nat'l Bank, 506 U.S. 80, 113 S. Ct. 554, 121 L. Ed. 2d 474). At a minimum, this Court concludes that the Magistrate Judge was not clearly erroneous in staying his order vacating the attachment order for just two days rather than fourteen.

     For all of the foregoing reasons, the Court denies Pioneer's Ex Parte Application for Review. The December 14, 2011 Attachment Order is vacated. Pioneer has not requested that the Court issue an injunction on any basis other than Rule 62(a)'s automatic stay provision. Because Pioneer has not sought a stay on any other basis, including by posting a bond under Rule 62(c), this Court declines to stay this order pending further appeal. The M/V Adele Marina Rizzo is hereby released.

     IT IS SO ORDERED.