Erich P. Wise (State Bar No. 63219)
erichw@fdw-law.com
Aleksandrs E. Drumalds (State Bar No. 237101)
aleksd@fdw-law.com
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831
Telephone: (562) 435-2626
Facsimile: (562) 437-7555

Lawrence J. Kahn [Admitted Pro Hac Vice]
kahn@freehill.com
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, New York 10005-1759
Telephone: (212) 425-1900
Facsimile: (212) 425-1901

Attorneys for Plaintiff
PIONEER FREIGHT FUTURES COMPANY LIMITED
(IN LIQUIDATION)

FILED
CLERK U.S. DISTRICT COURT
DEC 20 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

PIONEER FREIGHT FUTURES COMPANY LIMITED (IN LIQUIDATION),

Plaintiff,

vs.

MARINE TRADE, S.A. and RIZZO BOTTIGLIERI-DE CARLINI ARMATORI, S.P.A.,

Defendants.

Case No.: CV 11-10313 PA (VBKx)

BY FAX

**IN ADMIRALTY**

**DECLARATION OF ALEKSANDRS E. DRUMALDS IN SUPPORT OF PLAINTIFF'S OPPOSTION TO MOTION TO VACATE ATTACHMENT AND DISMISS ACTION**

Hearing Date: December 20, 2011
Time: 2:00 p.m.
Judge: Hon. Victor B. Kenton
Location: Courtroom 590

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

I, Aleksandrs E. Drumalds, declare as follows:

1. I am a member of the Bar of the United States District Court, Central District of California, admitted to practice before this Court, and I am an attorney associated with the law firm of Flynn, Delich & Wise LLP, attorneys for Pioneer Freight Futures Company Limited ("PFF") herein.

2. I submit this Declaration based on facts and information known to me, personally, as well as documents and information provided to me by my client and its representatives, all of which I believe to be true and accurate.

3. Attached hereto as Exhibit A is a true and correct copy of the Verified Complaint filed in the matter of *Compagnia di Navigazione S.p.A. a Socio Unico v. Webcor SA, Geneve*, 09 CV 8503 (JSR) (S.D.N.Y.) that was obtained by me from the "Public Access to Court Electronic Records" (PACER) website on December 19, 2011.

4. Attached hereto as Exhibit B are true and correct copies of correspondence and documents reflecting that Defendant Marine Trade, S.A. ("MT") was Defendant Rizzo Bottiglieri-de Carlini Armatori's ("RDBA") fully guaranteed nominee for Forward Freight Agreement No. 7.504.2.

5. Attached hereto as Exhibit C are true and correct copies of FFA invoicing documents showing payments to PFF by MT and RDBA.

6. Attached hereto as Exhibit D is a true and correct of documentation related to the European trademark for MT showing that Giuseppe Mauro Rizzon holds the trademark.

7. Attached hereto as Exhibit E is a true and correct copy of the Declaration of Luke Arthur Parsons, Q.C., submitted in a different matter in Maryland District Court.

///

///

///

Pursuant to 28 U.S.C. §1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of December 2011, in Long Beach, California.

Aleksandrs E. Drumalds

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
ONE WORLD TRADE CENTER, SUITE 1800
LONG BEACH, CALIFORNIA 90831-1800
(562) 435-2626

– 3 –

DECLARATION OF ALEKSANDRS E. DRUMALDS IN SUPPORT OF PLAINTIFF'S OPPOSTION TO MOTION TO VACATE ATTACHMENT AND DISMISS ACTION

CASE NO. CV 11-10313 PA (VBKx)

# EXHIBIT A

'09 CIV 8503

RECEIVED
OCT 06 2009
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA A SOCIO UNICO,

Plaintiff,

-v-

WEBCOR SA, GENEVE,

Defendant.

09 CV

VERIFIED COMPLAINT

Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA A SOCIO UNICO (hereinafter "DEIULEMAR"), by its attorneys, CHALOS & CO, P.C., as and for their Verified Complaint against Defendant, WEBCOR SA, GENEVE (hereinafter "WEBCOR"), alleges upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, DEIULEMAR, was and still is a foreign business entity, with an address at: Via Tironi No. 3, 80059 Torre del Greco – Italy.

EXHIBIT A-1

3. At all times material hereto, Defendant, WEBCOR, was and still is a foreign business entity, with an address at: Boulevard Helvetique 36, 1207 Geneve, Switzerland.

FACTS AND CLAIM

4. On or about June 5, 2008, Plaintiff, DEIULEMAR as seller and Defendant, WEBCOR as buyer entered into a forward freight agreement (hereinafter "FFA"). *See copy of forward freight agreement, attached hereto as Exhibit 1.*

5. The FFA is a maritime contract.

6. Specifically, the FFA was to run from January 2009 through December 2009, or 182.5 days at a contract rate of USD $64,500.00 per day.

7. Payment is due in the form of a Settlement Sum,[1] to be paid on the later of two (2) London business days after presentation of invoices or five (5) London Business days after the Settlement Date (the last Baltic Exchange Index publication day of each month).

8. Plaintiff DEIULEMAR, rendered an invoice to Defendant WEBCOR, on or about April 30, 2009, for the Settlement Sum due and owing pursuant to the terms of the FFA, in the amount of USD $797,963.63. *See Invoice, attached hereto as Exhibit 2.*

9. Defendant, WEBCOR failed to pay the settlement sum due and owing to Plaintiff DEIULEMAR for the April settlement month by May 8, 2009, in breach of the FFA.

[1] The "Settlement Sum" is the difference between the contract rate and the settlement rate (average rate published by the Baltic Exchange) multiplied by the contract quantity (182.5 days).

EXHIBIT A-2

10.     On May 13, 2009, Plaintiff served Defendant with formal notice of the failure to remit the amount due and owing under the terms of the FFA. *See copy of the letter dated May 13, 2009, attached hereto as Exhibit 3.*

11.     Despite demands by Plaintiff, Defendant, in breach of the terms of the FFA, has failed, neglected and/or otherwise refused to pay DEIULEMAR the full amount due and owing pursuant to the agreement.

12.     Plaintiff DEIULEMAR served WEBCOR a notice dated May 19, 2009, informing Defendant, that because of Defendant's nonpayment of the outstanding amount due and owing under the FFA, Plaintiff was invoking the early termination of the FFA in accordance with the terms of the ISDA Master Agreement and designating May 20, 2009 as the early termination date. *See copy of the notice, attached hereto as Exhibit 4.*

13.     Defendant, WEBCOR, subsequently remitted partial payments to DEIULEMAR. However, as a direct result of WEBCOR's breach of the FFA, and despite WEBCOR's partial payment, Plaintiff has suffered a loss in the total principal sum of USD $6,079,062.50.

14.     Pursuant to clause 15 of the FFA contract all disputes arising thereunder are to be submitted to the English High Court of Justice with English law to apply.

15.     Plaintiff is currently preparing to commence litigation against the Defendant in the English High Court on its claims as described hereinabove.

16.     The English High Court routinely provides that a prevailing party is entitled to interest, costs and legal fees for proceedings conducted pursuant to English Law.

**EXHIBIT A-3**

17. As best as can now be estimated, the Plaintiff, DEIULEMAR expects to recover the following amounts in the English High Court from Defendant, WEBCOR:

| | | |
|---|---|---|
| A. | Principal claim: | *$ 6,079,062.50* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | *$ 1,518,041.46* |
| C. | Estimated attorneys' fees: | *$ 250,000.00* |
| | **Total Claim** | **$ 7,847,103.96** |

18. Therefore, DEIULEMAR's total claim for breach of the maritime contract against Defendant, WEBCOR is in the aggregate USD $7,847,103.96.

BASIS FOR ATTACHMENT

19. Defendant, WEBCOR, cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

20. Defendant WEBCOR is continuously engaged in international shipping and conduct business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

21. All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

22. Plaintiff believes that some of these assets of Defendant, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including: ABN AMRO BANK, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, and Wells Fargo Bank.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant, WEBCOR, cannot be found within the District, as set forth in the Declaration of George M. Chalos (*see Exhibit 5, attached hereto*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the

Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of USD $7,847,103.96 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
October 6, 2009

CHALOS & CO, P.C.
Attorneys for Plaintiff
DEIULEMAR COMPAGNIA DI
NAVIGAZIONE SPA A SOCIO UNICO

By: ______________________

George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

EXHIBIT A-6

# EXHIBIT 1

EXHIBIT A-7



**IFCHOR S.A.**

SHIPBROKERS & CHARTERING AGENTS

ORIGINAL

SECURITIES & FFA DIVISION
PLACE PÉPINET 1 – CH-1003 LAUSANNE, SWITZERLAND
TEL +41 21 310 3131 – FAX +41 21 310 3100
E-MAIL: securities@ifchor.ch

FORWARD FREIGHT AGREEMENT BROKERS ASSOCIATION ("FFABA")

## FORWARD FREIGHT AGREEMENT FFABA 2007 TERMS

**Trade Ref:** 8.604.7.ArOr.TC/Ifchor
**Contract Date:** Wednesday, June 25, 2008

The purpose of this confirmation is to state the terms and conditions of the forward freight swap agreement entered into between:

**Seller**
**Deiulemar Compagnia di Navigazione SpA a Socio Unico**
Via Tironi No. 3
80059 Torre del Greco - Italy
Tel N. + 39 081 883 81 11
Fax N. + 39 081 883 82 44
Email. ffa@deiulemarshipping.it
P.I.C. Leonardo Lembo / Saverio Castaldi

and

**Buyer**
**Webcor SA, Geneve**
Boulevard Helvetique 36
1207 Geneve
Tel N. +41 122 906 76 46
Fax N. +41 122 906 76 56
Email. lpensivy@webcorgroup.com
P.I.C. Louis Pensivy

The agreement between the parties set out in this Confirmation is a Confirmation pursuant to the Master Agreement.

In this Confirmation, "Master Agreement" has the meaning given to it in clause 9 if that clause applies, and if it does not, means any master agreement by which the Transaction entered into pursuant to and in accordance with this Confirmation is governed.

**EXHIBIT A-8**

Until superseded by notice information in a subsequent Confirmation or other communication, the above addresses are hereby recognized as the correct addresses to which any notification under this Confirmation may be properly served.

The terms of this Confirmation are as follows:

1) **Contract Route(s):**

As per the arithmetical average of the **Routes 1A, 2A, 3A** and **4** [Transatlantic TC Round Voyage, TC Trip Out, Transpacific TC Round Voyage, TC Trip Back] of the **Baltic Panamax Index** as defined by the Baltic Exchange on the Contract Date and any route replacing or substituting that route subsequently published by the Baltic Exchange on or before the Settlement Date and with effect from the date of such replacement or substitution.

2) **Contract Rate:** **USD 64'500.00** per day

3) **Contract Quantity:** **182.5** days (see below)

4) **Contract Months:** **January 2009 (15.5 days) - February 2009 (14 days) - March 2009 (15.5 days) - April 2009 (15 days) - May 2009 (15.5 days) - June 2009 (15 days) - July 2009 (15.5 days) - August 2009 (15.5 days) - September 2009 (15 days) - October 2009 (15.5 days) - November 2009 (15 days) - December 2009 (15.5 days)**

5) **Settlement Date:**

The last Baltic Exchange Index publication day of each Contract Month.

6) **Settlement Rate:**

(a) Each settlement rate (the "**Settlement Rate**") shall be the unweighted average of the rates for the Contract Route(s) published by the Baltic Exchange over each Settlement Period (defined as all Baltic Exchange Index publication days of each applicable Contract Month up to and including the Settlement Date).

(b) If for any reason the Baltic Exchange cannot provide any rate required for establishing the Settlement Rate, then the current chairman of the FFABA may be instructed by either party to form a panel comprising of a minimum of three independent brokers (the "**Panel**") to determine an appropriate rate, which determination will be final and binding on both parties.

(c) Each party shall bear its own costs and expenses in connection with any determination made pursuant to this clause 7.

LYP

**EXHIBIT A-9**

(d) The parties shall severally indemnify and hold harmless each of the members of the Panel, the Baltic Exchange and its members and the FFABA and its members (the "**Indemnified Persons**") against all liabilities, actions, demands, costs and expenses incurred by any of them arising directly or indirectly out of or in connection with the formation of the Panel and any determination made by the Panel.

(e) As between the parties, each party shall have a right of contribution against the other party in respect of any indemnity payment made pursuant to the preceding paragraph so that their respective liabilities pursuant to that paragraph shall be equal.

7) **Settlement Sum:**

The "**Settlement Sum**" is the difference between the Contract Rate and the Settlement Rate multiplied by the Quantity by Contract Month. If the Settlement Rate is higher than the Contract Rate, the Seller shall pay the Buyer the Settlement Sum. If the Settlement Rate is lower than the Contract Rate, the Buyer shall pay the Seller the Settlement Sum.

8) **Payment Procedure and Obligations:**

(a) Payment of the Settlement Sum is due on the later of two (2) London business days after presentation of payee's invoice (with complete payment instructions) or five (5) London business days after the Settlement Date and for this purpose a "**London business day**" means a day (other than a Saturday or Sunday) on which commercial banks are open for business in London). The Settlement Sum will be deemed "paid" when it has been received into the bank account designated by the payee.

(b) Payment of the Settlement Sum shall be made telegraphically, in full, in United States dollars. The costs incurred in effecting payment shall be for the account of the payer. Payment may only be effected directly between the parties. The Settlement Sum shall be paid without any deduction or set-off except as permitted pursuant to the Master Agreement or otherwise as agreed by the Buyer and the Seller in writing.

9) **ISDA Master Agreement:**

**This clause 9 applies only if either:**

**(i) this Confirmation does not already constitute a Confirmation under an existing master agreement entered into by the parties to this Confirmation; or**

**(ii) the parties agree, either by virtue of clause 20 or otherwise, that the terms of the Master Agreement that is constituted by this clause are to replace any such existing master agreement.**

This Confirmation constitutes and incorporates by reference the provisions of the 1992 ISDA® Master Agreement (Multicurrency – Cross Border) (without Schedule) as if they

Trade Ref: 8.604.7.ArOr.TC/Ifchor

Lyp.

EXHIBIT A-10

were fully set out in this Confirmation and with only the following specific modifications and elections:

(a) Section 2(c)(ii) shall not apply so that a net amount due will be determined in respect of all amounts payable on the same date in the same currency in respect of two or more Transactions;

(b) Seller is the Calculation Agent except where the Seller is the Defaulting Party in which event Buyer is the Calculation Agent;

(c) the most current published set of ISDA® Commodity Definitions and ISDA® Definitions shall apply;

(d) Credit Event Upon Merger is applicable to both parties;

(e) for the purposes of payments on Early Termination, Loss will apply and the Second Method will apply;

(f) Automatic Early Termination will apply to both parties;

(g) the Termination Currency is United States dollars;

(h) the Applicable Rate shall mean the one month USD-LIBOR plus 2%, reset daily and compounded monthly;

(i) Local Business Day or banking day shall each refer to such a day in London;

(j) such other modifications as shall be necessary for such incorporation;

(k) references to "this Master Agreement", "this Agreement", "herein" and other like expressions shall be construed as being references to this Confirmation incorporating such provisions,

and this Confirmation, including such incorporated provisions, shall govern the Transaction referred to in this Confirmation and any other Transaction referred to in clauses 20 and 21.

The agreement constituted and incorporated by the incorporation of the provisions of the 1992 ISDA® Master Agreement (Multicurrency - Cross Border) (without Schedule) pursuant to this clause is referred to in this Confirmation as the "**Master Agreement**".

10) **Capacity and Good Standing:**

In line with and in addition to (as appropriate) the representations contained in Section 3 of the Master Agreement, each party represents to the other party that:

(a) it is duly organized and validly existing under the laws of the jurisdiction of its organization or incorporation, and is solvent and in good standing;

(b) it has the power to execute, deliver, and perform this Confirmation;

**EXHIBIT A-11**

(c) all governmental and other consents that are required to have been obtained by it with respect to this Confirmation have been obtained and are in full force and effect and all conditions of any such consents have been complied with;

(d) In the event that a party to this Confirmation is a person organized under, domiciled in, or having its principal place of business in, the United States, each party represents to the other party that it is an "eligible contract participant" as defined in § 1a(12) of the Commodity Exchange Act (7 U.S.C. § 1a(12), as amended).

11) **Telephone Recording:**

Each party consents to the recording of telephone conversations in connection with this Confirmation.

12) **Commission:**

Each of the parties agrees to pay brokers' commission to any broker (a "Broker") as agreed with any Broker.

13) **Non-Assignability:**

Except as provided in Section 7 of the Master Agreement, this Confirmation is non-assignable unless otherwise agreed in writing between the parties to this Confirmation.

14) **Principal To Principal:**

This Confirmation is a principal to principal agreement with settlement directly between the two parties. Both parties agree that **Ifchor SA** shall be under no obligation or liability in relation to this Confirmation. Both parties agree jointly and severally to indemnify and hold harmless **Ifchor SA** against all actions, including but not limited to all claims, demands, liabilities, damages, costs and expenses both from the two parties and any third party. Claims, demands, liabilities, damages, costs and expenses suffered or incurred are to be settled directly by or between the two parties.

15) **Law and Jurisdiction:**

This Confirmation shall be governed by and construed in accordance with English law and shall be subject to the exclusive jurisdiction of the High Court of Justice in London, England. The terms of Section 12(a) of the Master Agreement notwithstanding, proceedings may be validly served upon either party by sending the same by ordinary post and/or by fax to the addresses and/or fax numbers for each party given above.

16) **Entire Agreement:**

This Confirmation and the Master Agreement set out the entire agreement and understanding of the parties with respect to the subject matter of this Confirmation and supersede all oral communication and prior writings with respect thereto.

**EXHIBIT A-12**

17) **Payment Account Information:**

| For Seller: | For Buyer: |
|---|---|
| Bank address: | Bank address: |
| UNICREDIT SpA | BNP PARIBAS SUISSE SA |
| SWIFT : UNCRIT2VNAY | Place de Hollande 2 |
| IBAN : IT88 Q 03226 03400 000003385647 | 1211 Geneva, Switzerland |
| Account no. 3385647 | Swift : BPPBCHGG |
| Beneficiary : Deiulemar Compagnia di Navigazione SpA | Benificiary : WEBCOR SA |
| | 36 Boulevard Helvetique |
| | 1207 Geneva, Switzerland |
| | USD Account Number: |
| | IBAN: CH30 0868 6001 0849 5400 1 |

18) **Third party rights**

(a) Unless provided to the contrary in this Confirmation, a person who is not a party to this Confirmation has no rights under the Contracts (Rights of Third Parties) Act 1999 to enforce or enjoy the benefit of any term of this Confirmation.

(b) Any Indemnified Person and any Broker shall have the right to enjoy the benefit of and enforce the terms of clause 6(d) in the case of any Indemnified Person and clause 14 in the case of any Broker.

(c) Notwithstanding any term of this Confirmation, the consent of any person who is not a party to this Confirmation is not required to rescind or vary this Confirmation.

19) **Partial Invalidity**

If, at any time, any provision of this Confirmation or the Master Agreement is or becomes illegal, invalid or unenforceable in any respect under any laws of any jurisdiction, neither the legality, validity or enforceability of the remaining provisions nor the legality or enforceability of the provision under the laws of any other jurisdiction will in any way be affected or impaired.

20) **Inclusion of historical Confirmations under Master Agreement**

(a) **Unless the parties to this Confirmation specifically agree otherwise in writing, this clause 20 shall apply in accordance with its terms.**

(b) This clause 20 applies to this Confirmation and to every agreement entered into between the parties to this Confirmation (and no other persons) before the date of this Confirmation that is in respect of a forward freight swap, option or derivative:

Lyp.

EXHIBIT A-13

     (i) that is expressly stated to be subject to, or is subject to substantially the same terms as, either the FFABA 2000 terms, the FFABA 2005 terms or the FFABA 2007 terms, with or without amendment; and

(ii) in the case of a Confirmation that is stated to be subject to, or subject to substantially the same terms as, the FFABA 2007 terms that does not incorporate a clause substantially in the same form as this clause 20.

(c) Each agreement to which this clause 20 applies shall be treated as a Confirmation under the Master Agreement constituted pursuant to clause 9 as if such agreement had been entered into between the parties on the terms of the Master Agreement on the date of the first such Confirmation.

(d) If there is any inconsistency between the provisions of any agreement constituted pursuant to paragraph (c) above and the agreement constituting a Transaction to which this clause 20 applies, the provisions of the agreement constituting the Transaction to which this clause 20 applies will prevail for the purposes of the Transaction under such agreement.

(e) This clause 20 shall not affect any rights or obligations of the parties under any Transaction accrued before the date of this Confirmation.

(f) This clause 20 is effective notwithstanding any entire agreement clause or similar provision in any such agreement relevant to any such Transaction.

21) **Inclusion of subsequent Confirmations under Master Agreement**

(a) **Unless the parties to this Confirmation specifically agree otherwise in writing, this clause 21 shall apply in accordance with its terms.**

(b) This clause 21 applies to every Confirmation that is in respect of a forward freight swap, option or derivative entered into between the parties to this Confirmation (and no other persons) subsequent to an agreement incorporating a Master Agreement (as defined in and pursuant to a clause substantially in the same form as and equivalent to clause 9) having been entered into by them.

(c) Each such subsequent Confirmation shall constitute a Confirmation under the Master Agreement on the terms of clauses 20(c), (d), (e) and (f) as if they were incorporated and fully set out in this clause 21 with appropriate and necessary modifications for such incorporation.

| Signed for the Seller by | Signed for the Buyer by |
|---|---|
| DEIULEMAR<br>Compagnia di Navigazione S.p.A. a Socio Unico<br>L'Amministratore Unico<br>Iuliano Michele<br>..........................<br>Duly Authorized Signatory | MERCOSA GENEVA ★ CORPORATE SEAL<br>..........................<br>Duly Authorized Signatory |

Trade Ref: 8.604.7.ArOr.TC/Ifchor

EXHIBIT A-14

# EXHIBIT 2

EXHIBIT A-15

 **DEIULEMAR**
COMPAGNIA DI NAVIGAZIONE S.p.A. A SOCIO UNICO
Via Tironi, 3 - 80059 Torre del Greco (NA) - ITALY
Cap. Soc. € 45.000.000,00

*Torre del Greco 30/04/09*

*Messers*
Webcor SA
Geneva

C/o

Ifchor
Place Pepinet, 1
10033 Lausanne - S/land

| Invoice n° 98 |
|---|

At your debit for: Ref. - Contract date 04/06/08

| | | | |
|---|---|---|---|
| Contract rate (fixed price): | | 64.500,00 | usd |
| Settlement price: | apr-09 | 11.302,4250 | usd |
| Difference rate: | | 53.197,5750 | usd |

TOTAL DUE : 53.197,5750 x 15 = 797.963,63 usd

| Imponibili | Imp. IVA | Esenzione |
|---|---|---|
| 797.963,63 | | F.C. Iva ex art.2 com.3 |

| Total Invoice |
|---|
| $797.963,63 |
| € 601.102,54 |

Which please remit on follows Owners' bank account:
Bank: Unicredit SpA Swift: UNCRIT2VNAY Abi: 2008 Cab: 3400
Account N° : 3385847
Codice IBAN: IT88 Q 03226 03400 000003385847
Correspondent Bank: Chase Manhattan Bank - N.Y.
Beneficiary: Deiulemar Compagnia di Navigazione SpA

At exchange rate of $ 1,3275

PHONE +39 081 8838111 PBX - FAX ADM. +39 081 8838281 - FAX TEC. +39 081 8838285 - FAX CHART. +39 081 8838286 - E-Mail: presidenza@deiulemar.it
TELEX 940782 DEIU G - R.E.A. N. 395485 - TRIBUNALE N. 1820/85 - P.IVA 0155 2141 210 - REG. IMP. E COD. FISC. 002 520 709 25
GRUPPO DEIULEMAR - DIREZIONE E COORDINAMENTO DEIULEMAR HOLDING S.p.A.

EXHIBIT A-16

# EXHIBIT 3

**EXHIBIT A-17**

 DEIULEMAR
COMPAGNIA DI NAVIGAZIONE S.p.A. A SOCIO UNICO
Via Tironi, 3 - 80059 Torre del Greco (NA) - ITALY
Cap. Soc. € 45.000.000,00

13 May 2009

Webcor SA

Boulevard Hélvétique 36

1207 Genève – Switzerland

Dear Sirs,

Re: **FFA between Deiulemar Compagnia di Navigazione and Webcor SA**

**Trade Reference : N.8.604.7 dated 4 June 2008**

We have entered into the FFA transaction above in the FFABA 2007 form. The transaction incorporated the 1992 ISDA Master Agreement (Multicurrency – Cross Border), subject to the amendments and selections provided for in the FFABA form.

April 2009 was a contract month for the purposes of the FFA. Accordingly, in accordance with our invoice dated 30.4.2009, a sum of US$797,963.63 became due and payable to us by no later than 8 May 2009.

The above amount has however not been received into our designated account either in whole or in part. Accordingly, you have failed and refused to pay the same within the due date.

In the circumstances, this letter constitutes formal notice by us of your failure to make payment of the said amount of US$797,963.63 when due.

PHONE +39 081 8838111 PBX - FAX ADM. +39 081 8838281 - FAX TEC. +39 081 8838285 - FAX CHART. +39 081 8838286 - E-Mail: presidenza@deiulemar.it
TELEX 94078213 DEIU G - R.E.A. N. 395485 - TRIBUNALE N. 1820/85 - P.IVA 0155 2141 218 - REG.IMP. E COD. FISC. 002 520 709 25
GRUPPO DEIULEMAR - DIREZIONE E COORDINAMENTO DEIULEMAR HOLDING S.p.A.

EXHIBIT A-18



DEIULEMAR
COMPAGNIA DI NAVIGAZIONE S.p.A. A SOCIO UNICO
Via Tironi, 3 - 80059 Torre del Greco (NA) - ITALY
Cap. Soc. € 45.000.000,00

In accordance with section 5(a)(i) of the ISDA Master Agreement, unless you remedy this failure on or before the third "Local Business Day" after the effective date of this notice, your failure will constitute an Event of Default. Pursuant to section 6(a) of the ISDA Master Agreement, we have the right to terminate the FFA following an Event of Default, and we hereby reserve each and every right which will accrue to us following the occurrence of an Event of Default.

Take note therefore that a failure by you to make payment in full of the said sum of US$797,963.63 on or before the third "Local Business Day" will put you at risk of having the FFA terminated by us and being presented with a claim for our Loss as defined in the ISDA Master Agreement.

In the circumstances, we call upon you to pay the above sum due and owing to us, and reserve all of our rights consequent upon your failure to pay the same todate.

Yours faithfully,

Deiulemar Compagnia di Navigazione SpA

DEIULEMAR
Compagnia di Navigazione
S. p. A.
Via Tironi, 3
80059 Torre del Greco (Na)

PHONE +39 081 8838111 PBX - FAX ADM. +39 081 8838281 - FAX TEC. +39 081 8838285 - FAX CHART. +39 081 8838286 - E-Mail: presidenza@deiulemar.it
TELEX 94078213 DEIU G - R.E.A. N. 395485 - TRIBUNALE N. 1820/85 - P.IVA 01552141218 - REG. IMP. E COD. FISC. 00252070925
GRUPPO DEIULEMAR - DIREZIONE E COORDINAMENTO DEIULEMAR HOLDING S.p.A.

EXHIBIT A-19

# EXHIBIT 4

**EXHIBIT A-20**



DEIULEMAR
COMPAGNIA DI NAVIGAZIONE S.p.A. A SOCIO UNICO
Via Tironi, 3 - 80059 Torre del Greco (NA) - ITALY
Cap. Soc. € 45.000.000,00

19 May 2009

Webcor S.A. Geneva

Dear Sirs,

Re: **FFA's between Webcor and Deiulemar Compagnia di Navigazione SpA**

**Trade Reference : N.8.604.7 ArOr dated 04/06/2008**

We refer to our letter of 13 May 2009.

Section 5(a) of the ISDA Master Agreement as incorporated into the FFA transaction mentioned above, specifies the circumstances that will constitute "Events of Default". One such circumstance is described in section 5(a)(i) as follows:

*Failure to pay or Deliver: Failure by the party to make, when due, any payment under this Agreement or delivery under Section 2 (a) (i) or 2 (e) required to be made by it if such failure is not remedied on or before the third local Business Day after notice of such failure is given to the party.*

By our letter of 13 May 2009, we gave you notice of your failure to make payment of the sum of US$797,963.63 when due, the last day of payment of the same being 8 May 2009.

Taking a Local Business Day to be a London business day (see the FFABA form), the three Local Business Days specified in section 5 (a) (i) expired at 2400 GMT on 18 May 2009.

In the circumstances, an Event of Default has occurred for the purposes of section 5 (a) (i) of the ISDA Master Agreement and is continuing in that the said sum of US$797,963.63 remains unpaid.

PHONE +39 081 8838111 PBX - FAX ADM. +39 081 8838281 - FAX TEC. +39 081 8838285 - FAX CHART. +39 081 8838280 - E-Mail: presidenza@deiulemar.it
TELEX 94078213 DEIU G - R.E.A. N. 395485 - TRIBUNALE N. 1820/85 - P. IVA 0155 2141 218 - REG. IMP. E COD. FISC. 002 520 709 25
GRUPPO DEIULEMAR - DIREZIONE E COORDINAMENTO DEIULEMAR HOLDING S.p.A.

EXHIBIT A-21



**DEIULEMAR**
COMPAGNIA DI NAVIGAZIONE S.p.A. A SOCIO UNICO
Via Tironi, 3 - 80059 Torre del Greco (NA) - ITALY
Cap. Soc. € 45.000.000,00

Accordingly this letter constitutes notice for the purposes of section 6 (a) of the ISDA Master Agreement by us as the Non-Defaulting Party, specifying the Event of Default (above) and designating Wednesday, 20 May 2009 (this notice being delivered by hand) as the Early Termination Date in respect of all outstanding transactions between you and us.

We will accordingly provide you with our calculation on Early Termination shortly.

Yours faithfully,

Deiulemar Compagnia di Navigazione SpA

DEIULEMAR
Compagnia di Navigazione
S. p. A.
Via Tironi, 3
80059 Torre del Greco (Na)

PHONE +39 081 8838111 PBX - FAX ADM. +39 081 8838281 - FAX TEC. +39 081 8838285 - FAX CHART. +39 081 8838286 - E-Mail: presidenza@deiulemar.it
TELEX 94078213 DEIU G - R.E.A.N. 395485 - TRIBUNALE N. 1820/85 - P.IVA 0155 2141 218 - REG. IMP. E COD. FISC. 002 520 709 25
GRUPPO DEIULEMAR - DIREZIONE E COORDINAMENTO DEIULEMAR HOLDING S.p.A.

EXHIBIT A-22

# EXHIBIT 5

EXHIBIT A-23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---x

DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA A SOCIO UNICO,

Plaintiff,

-v-

WEBCOR SA, GENEVE,

Defendant.

---x

09 CV

**AFFIDAVIT OF GEORGE M. CHALOS**

This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA A SOCIO UNICO, in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of perjury:

1. I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above referenced matter.

2. I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the defendant, WEBCOR SA, GENEVE (hereinafter "WEBCOR"), pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3. I have personally inquired or have directed inquiries into the presence of the defendant in this District.

4. I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of October 6, 2009, the defendant is not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

5. I have inquired of Verizon Telephone Company whether the defendant can be located within this District. The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.

6. I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

7. I have engaged in a Google search as to whether the defendant can be located within this District. The Google search results did not provide any information that defendant is found in this District.

8. I am unaware of any general or managing agent(s) within this District for the defendant.

9. In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and do not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

10. It is my belief, based upon my own investigation that the defendant cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

11. Defendant, WEBCOR, transports a large range of frozen goods and commodities (wheat flour, rice, sugar, beans, palm oil) from various sources across Europe and around the world to Africa.

12. Defendant, WEBCOR, is a shipper continuously engaged in international shipping and conducts business in U.S. Dollars.

13. A voyage need not be to or from the United States for a vessel operator to transact business in United States Dollars. Standard practice in the international shipping industry is for payment due and owing on charter party agreements to be made in United States Dollars.

14. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the lingua franca of international commerce.

15. As set forth in the Verified Complaint, the Clearing House Interbank Payments System, whose member banks process electronic funds transfers through Federal Reserve Bank accounts in New York City, represents that its members process 95% of all international U.S. Dollars transactions.

16. Given the above facts and that Defendant is currently quite active in the international shipping market, it is expected that they will be originating funds in U.S. Dollars in the near future that will pass through banks in New York City.

17. Additionally, Defendant has previously remitted payments to Plaintiff, and these payments were made in U.S. Dollars.

18. Accordingly, Plaintiff respectfully requests that this Court issue an Order for Issuance of Process of Maritime Attachment and Garnishment, directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant, EGBPT's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount US$ 7,847,103.96 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Verified Complaint.

Dated: Oyster Bay, New York
October 6, 2009

CHALOS & CO, P.C.
Attorneys for Plaintiff
DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA A SOCIO UNICO

By: ______________________

George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516)750-9051
Email: gmc@chaloslaw.com

Chalos & Co Ref: 2068.013

EXHIBIT A-27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA A SOCIO UNICO,

Plaintiff,

-v-

WEBCOR SA, GENEVE,

Defendant.

09 CV

**VERIFICATION OF COMPLAINT**

Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

1. I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA A SOCIO UNICO, herein;

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign entity, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
October 6, 2009

CHALOS & CO, P.C.
Attorneys for Plaintiff
DEIULEMAR COMPAGNIA DI NAVIGAZIONE
SPA A SOCIO UNICO

By: ______________________________

George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

# EXHIBIT B

**From:** Meng Qinghui [mqh@pioneer-metals.com]
**Sent:** 05 February 2009 11:49
**To:** 'Eddie'
**Subject:** contract 7.504.2 with Marine trade (Rizzo)
**Attachments:** 7.504.2.pdf; trade sheet 7.504.2.pdf; recap 7.504.2.pdf

这笔我们是按marine trade 记录并结算的，但confirmation 和contract 是Rizzo

下面是我向broker询问的邮件及回复。

附件是trade sheet ,recap,contract.

Doc-No. 5386155 24/OCT/2008 09:38 h GMAR

Yes, it is OK, Rizzo Bottiglieri De Carlini have nominated Marine Trade as performing party under their guarantee. So all clear now

-----------Original message-----------

From : "Meng Qinghui" <mqh@pioneer-metals.com>
To : securities@ifchor.ch
CC : stevepan@pioneer-metals.com
Date : Fri, 24 Oct 2008 13:21:35 +0800
Subject : ??: 'ð,': f..ffa contracts
Hi
Thanks for your reply
Alex Wetter really sent me the contract7.504.2 on Otc 17th, the counterparty is Marine Trade,but the Contract shows we had the trade with Rizzo-Bottiglieri-De Carlini Armatori S.P.A or there fully guaranteed, is it ok? If so, no more query.

EXHIBIT B-1

# PIONEER METALS LOGISTICS CO., LTD.

## Trade Sheet

Trade Date: 5/4/2007 Instrument: PM4TC

Strategy/Trade ID: 100550 / 900698 Strike Price: ______
(Option Premium: ______

Broker & Ref: LECHOR 7.5042 Trade Rate: $44,450-

Trade Quantity: -550 days Trade Mth/Qtr: July 18 month

Transacting counterparty: Rizzo, Bottiglieri (Marine trade)

Exposed counterparty: Rizzo, Bottiglieri (Marine trade)

Approved by ______ Date ______

5% com.

I confirm the above-referenced transaction is accurately captured and recorded by the broker.

Trader signed ______ Date 5/4/2007

I confirm the above-referenced transaction was executed according to the trading strategy approved by the Risk Committee.

Risk signed ______ Date 5/4/2007

**Note: the broker confirmation must be attached to validify this Trade Sheet.**

**EXHIBIT B-2**

900698

# IFCHOR S.A.

SHIPBROKERS & CHARTERING AGENTS

Securities & FFA Division
PLACE PEPINET 1 - CH-1003 LAUSANNE, SWITZERLAND
TEL. +41 21 310 3131 - TELEX 450351 IFC CH - TELEFAX +41 21 310 3100
securities@ifchor.ch

**Private & Confidential** Lausanne, 4/5/2007

**E.F.A. Confirmation of Trade** - Contract N. 7.504.2.ErRi.TC/Ifchor

As per your instructions we have traded the following agreement on your behalf:

Seller: Pioneer Freight Futures Co.Ltd. B.V.I.

Buyer: Rizzo-Bottiglieri-De Carlini Armatori S.p.A., Torre del Greco, Napoli or their fully guaranteed Nominee

Product: BPI Average 4 Panamax TC Routes

| Months: | Quantity: |
|---|---|
| July 2007 | 31 days |
| August 2007 | 31 days |
| September 2007 | 30 days |
| October 2007 | 31 days |
| November 2007 | 30 days |
| December 2007 | 31 days |
| January 2008 | 31 days |
| February 2008 | 29 days |
| March 2008 | 31 days |
| April 2008 | 30 days |
| May 2008 | 31 days |
| June 2008 | 30 days |
| July 2008 | 31 days |
| August 2008 | 31 days |
| September 2008 | 30 days |
| October 2008 | 31 days |
| November 2008 | 30 days |
| December 2008 | 31 days |
| Total Quantity: | 550 days |

Settlement: Monthly against all BPI days of the month

Price: $41,450 per day

Otherwise NEW FFABA 2005 form.

Many thanks to the parties for this trade and congratulations for having chosen Ifchor.

Best regards

IFCHOR S.A.

EXHIBIT B-3

# EXHIBIT C

**MARINE TRADE S.A.**
7, Val Ste Croix L-1371 Luxembourg
Tél : 00352 / 26 38 61 - Fax : 00352 / 26 38 61 61
E-mail : info@marinetrade.lu
TVA LU 20488709

## INVOICE

*Messrs*

| | |
|---|---|
| Name | Pioneer Freight Futures Co. Ltd |
| Address | BVI |
| C/o | Bancosta |
| | Monaco |

| | |
|---|---|
| Nr. | 027/09 |
| Date: | 30/01/2009 |

| | | |
|---|---|---|
| Buyer: | Pioneer Freight Futures Co. Ltd | |
| Seller: | Marine Trade S.A. | |
| Contract date: | 19/06/20073 | |
| Ref: | 19060701 | |
| Underlying: | Avrg 4 TC Routes BPI | |
| Settlement month: | January 2009 | |
| Fixed rate | $27.000,00 | |
| Settlement rate | $4.397,5357 | |
| Difference | $22.602,46 | |
| Days | 31 | |
| | Due to Marine Trade SA | TOTAL $700.676,39 |

E. & O. E.

*Payable to:*

Bank: CREDEMLUX - CREDEM INTERNATIONAL (LUX) S.A.
SWIFT: CRD ML ULL
IBAN No.: LU 07 0763 0016 7000 0USD
Favour of: MARINE TRADE S.A.
Through: BANK OF NEW YORK, NEW YORK

With value date : 06/02/2009

EXHIBIT C-177



Rizzo Bottiglieri De Carlini Armatori Spa

| Invoice | |
|---|---|
| DATE | NUM. |
| 16-02-2009 | 02/00063 |

Pioneer Freight Futures Co. Ltd. BVI

BRITISH VIRGIN ISLANDS

| CODE | VAT NUMBER |
|---|---|
| 010763 | |

FFA 19080701 RBDPFF DATED 19/06/2007

| PAYMENT TERMS |
|---|
| BANK TRANSFER Value for beneficiary . C/O - C/A - Iban IT15 R030 4903 4000 7889 6274 76A - Cin R BANCA SELLA SUD ARDITI GALATI SPA NAPLES BRANCH SWIFT: BRDGIT33XXX USA INT: AMERICAN EXPRESS NY FAVOUR OF: RIZZO BOTTIGLIERI DE CARLINI ARMATORI SPA |

| DESCRIPTION | CUR. | AMOUNT | VAT |
|---|---|---|---|
| JANUARY 2009 SETTLEMENT | USD | 700.676,39 | E41 |

| VAT | DESCRIPTION | TAXABLE VALUE EUR | VAT % EUR |
|---|---|---|---|
| E41 | ES. ART. 010 | 546.421,58 | |

| | | |
|---|---|---|
| TAXABLE VALUE | 700.676,39 | USD |
| VAT | | |
| TOTAL AMOUNT | 700.676,39 | USD |

Exchange Rate USD/EUR 1,28230000

E.& O.E.[1]

Sede Legale: 80059 Torre del Greco Viale Olivella 10 Tel.: 390818810570 Fax: 390818810598 Telex: (UK) 94078761 BONA G
Capitale Sociale 14500000,00 - C. Fiscale 02751631215 - Partita IVA 02751631215
CCIAA di Napoli- 513624 - Ufficio del Registro delle Imprese N° Trib.NA.4497/93
Sede Ammin.: 80059 Torre del Greco - Viale Olivella 10 Tel.: 390818810570 Fax: 390818810598 Telex. (UK) 94078761 BONA G

R B D

EXHIBIT C-2



Rizzo Bottiglieri De Carlini Armatori Spa

| Invoice | |
|---|---|
| DATE | NUM. |
| 31-07-2009 | 02/00346 |

Pioneer Freight Futures Co. Ltd. BVI

BRITISH VIRGIN ISLANDS

| CODE | VAT NUMBER |
|---|---|
| 010763 | |

FFA 19060701 RBDPFF DATED 19/06/2007

| PAYMENT TERMS |
|---|
| BANK TRANSFER Value for beneficiary . C/O - C/A - Iban IT15 R030 4903 4000 7889 6274 76A - Cin R BANCA SELLA SUD ARDITI GALATI SPA NAPLES BRANCH SWIFT: BRDGIT33XXX USA INT: AMERICAN EXPRESS NY FAVOUR OF: RIZZO BOTTIGLIERI DE CARLINI ARMATORI SPA |

| DESCRIPTION | CUR. | AMOUNT | VAT |
|---|---|---|---|
| JULY 2009 SETTLEMENT | USD | 44.309,78 | E41 |
| Due Date: 07-08-2009 44.309,78 USD | | | |

| VAT | DESCRIPTION | TAXABLE VALUE EUR | VAT % EUR |
|---|---|---|---|
| E41 | ES. ART. 010 | 31.340,91 | |

Exchange Rate USD/EUR 1,41380000

| | | |
|---|---|---|
| TAXABLE VALUE | 44.309,78 | USD |
| VAT | | |
| TOTAL AMOUNT | 44.309,78 | USD |

E.& O.E. 1

Sede Legale: 80059 Torre del Greco Viale Olivella 10 Tel : 390818810670 Fax 390818810598 Telex (UK) 94078761 BONA G
Capitale Sociale 14500000,00 - C. Fiscale 02751631216 - Partita IVA 02751631216
CCIAA di Napoli- 513824 - Ufficio del Registro delle Imprese N° Trib NA 4497/93
Sede Ammin.: 80059 Torre del Greco - Viale Olivella 10 Tel.: 390818810670 Fax 390818810598 Telex (UK) 94078761 BONA G

EXHIBIT C-3

 Rizzo Bottiglieri De Carlini Armatori Spa

| Invoice | |
|---|---|
| DATE | NUM. |
| 28-08-2009 | 02/00407 |

| CODE | VAT NUMBER |
|---|---|
| 010763 | |

Pioneer Freight Futures Co. Ltd. BVI

BRITISH VIRGIN ISLANDS

FFA 19060701 RBDPFF DATED 19/06/2007

| PAYMENT TERMS |
|---|
| BANK TRANSFER Value for beneficiary.<br>C/O - C/A - Iban IT15 R030.4903.4000.7869 6274 76A - Cin R BANCA SELLA SUD ARDITI GALATI SPA NAPLES BRANCH SWIFT: BRDGIT33XXX USA INT: UBS AG, STAMFORD FAVOUR OF: RIZZO BOTTIGLIERI DE CARLINI ARMATORI SPA |

| DESCRIPTION | CUR. | AMOUNT | VAT |
|---|---|---|---|
| AUGUST 2009 SETTLEMENT | USD | 230.782,60 | E41 |
| Due Date: 07-09-2009 230.782,60 USD | | | |

| VAT | DESCRIPTION | TAXABLE VALUE EUR | VAT % EUR |
|---|---|---|---|
| E41 | ES. ART. 010 | 160.667,36 | |

| | | |
|---|---|---|
| TAXABLE VALUE | 230.782,60 | USD |
| VAT | | |
| TOTAL AMOUNT | 230.782,60 | USD |

Exchange Rate USD/EUR 1.43640000

- 1 -

Sede Legale: 80059 Torre del Greco Viale Olivella 10 Tel.: 390818810670 Fax: 390818810598 Telex: (UK) 94078781 BONA G
Capitale Sociale 14500000.00 - C. Fiscale 02751631215 - Partita IVA 02751631215
CCIAA di Napoli- 513624 - Ufficio del Registro delle Imprese N° Trib NA 4497/93
Sede Ammin.: 80059 Torre del Greco - Viale Olivella 10 Tel.: 390818810670 Fax: 390818810598 Telex: (UK) 94078781 BONA G

EXHIBIT C-4



**Rizzo Bottiglieri De Carlini Armatori Spa**

| Invoice | |
|---|---|
| DATE | NUM. |
| 30-09-2009 | 02/00490 |

Pioneer Freight Futures Co. Ltd. BVI

BRITISH VIRGIN ISLANDS

| CODE | VAT NUMBER |
|---|---|
| 010763 | |

FFA 19060701 RBDPFF DATED 19/06/2007

| PAYMENT TERMS |
|---|
| BANK TRANSFER Value for beneficiary : C/O - C/A - Iban IT15 R030 4903 4000 7889 6274 76A - Cin R BANCA SELLA SUD ARDITI GALATI SPA NAPLES BRANCH SWIFT: BRDGIT33XXX USA INT: UBS AG. STAMFORD FAVOUR OF: RIZZO BOTTIGLIERI DE CARLINI ARMATORI SPA |

| DESCRIPTION | CUR | AMOUNT | VAT |
|---|---|---|---|
| SEPTEMBER 2009 SETTLEMENT | USD | 218,484,20 | E41 |
| Due Date: 07-10-2009 218,484,20 USD | | | |

| VAT | DESCRIPTION | TAXABLE VALUE EUR | VAT % EUR |
|---|---|---|---|
| E41 | ES. ART. 010 | 149.207,27 | |

| | | |
|---|---|---|
| TAXABLE VALUE | 218.484,20 | USD |
| VAT | | |
| TOTAL AMOUNT | 218.484,20 | USD |

Exchange Rate USD/EUR 1,46430000

E.& O.E. 1

Sede Legale. 80059 Torre del Greco Viale Olivella 10 Tel.: 390818810870 Fax: 390818810598 Telex: (UK) 94078761 BONA G
Capitale Sociale 14500000,00 - C. Fiscale 02751631216 - Partita IVA 02751631216
CCIAA di Napoli - 513824 - Ufficio del Registro delle Imprese N° Trib NA:4497/83
Sede Ammin.: 80059 Torre del Greco - Viale Olivella 10 Tel.: 390818810870 Fax: 390818810598 Telex: (UK) 94078761 BONA G

EXHIBIT C-5

